# IN THE COURT OF APPEALS OF IOWA

No. 21-0010
Filed November 23, 2021

**IN RE THE MARRIAGE OF KRISTI HALLBERG
AND DOUGLAS HALLBERG**

**Upon the Petition of
KRISTI HALLBERG,**
        Petitioner-Appellee,

**And Concerning
DOUGLAS HALLBERG,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.


        Douglas Hallberg appeals the spousal-support provision of the district

court's dissolution decree. **AFFIRMED.**


        Stephen J. Belay of Anderson, Wilmarth, Van Der Maaten, Belay, Fretheim,

Gipp, Evelsizer Olson, Lynch and Zahasky, Decorah, for appellant.

        Jeremy L. Thompson of Putnam, Thompson & Casper, P.L.L.C., Decorah,

for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**BOWER, Chief Judge.**

Douglas Hallberg appeals the spousal-support provision from the decree dissolving his marriage to Kristi Hallberg.  We affirm the district court's dissolution decree and grant Kristi's request for appellate attorney fees.

Marriage dissolution proceedings are in equity, and our review is de novo. *In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016).  "Although we give weight to the factual findings of the district court, we are not bound by them.  But we will disturb a district court determination only when there has been a failure to do equity."  *Id.* (internal citations omitted).

Douglas and Kristi married in 2001.  The couple's children all reached the age of majority before the dissolution.  During the marriage, Kristi worked part-time at various jobs and took primary responsibility for raising the children while Douglas travelled for work and financially supported the family.  Douglas controlled the finances for the family.

Douglas has a high school education and works as a foreman for an earth-moving and road construction company.  He had worked for that company for twenty-seven years at the time of dissolution.  Douglas is on the road most weeks, works a lot of overtime, and is seasonally laid off in the winter.  The court averaged Douglas's income over several years to find a gross income of $8330 per month, including his overtime and fringe benefit pay;[1] he receives yearly raises.

Kristi earned an associate's degree in administrative and clerical work before the marriage.  She has worked full-time for Casey's General Store since

---

[1] Douglas's hourly rate has some variation based on the job he is assigned and its location.

2017 and part-time for a local newspaper for many years, earning a total income of just under $2000 per month. At the time of trial, Kristi was forty-eight years old, and Douglas was fifty-two.

Kristi filed a petition for dissolution on January 4, 2019, and sought spousal support of $2000 per month. The court entered a dissolution decree on December 4, 2020. As part of the decree, the district court ordered Douglas to pay Kristi $1500 per month in traditional spousal support, decreasing to $750 per month when Douglas reaches age sixty-six, and terminating upon Kristi's remarriage or the death of either party.

Douglas appeals the spousal support award, arguing Kristi is voluntarily underemployed and has the earning capacity to support herself at the standard of living they had during the marriage.

The district court may equitably award spousal support based on the factors found in Iowa Code section 598.21A(1) (2019):

> a. The length of the marriage.
> b. The age and physical and emotional health of the parties.
> c. The distribution of property made pursuant to section 598.21.
> d. The educational level of each party at the time of marriage and at the time the action is commenced.
> e. The earning capacity of the party seeking maintenance, including educational background, training, employment skills, work experience, length of absence from the job market, responsibilities for children under either an award of custody or physical care, and the time and expense necessary to acquire sufficient education or training to enable the party to find appropriate employment.
> f. The feasibility of the party seeking maintenance becoming self-supporting *at a standard of living reasonably comparable to that enjoyed during the marriage*, and the length of time necessary to achieve this goal.
> g. The tax consequences to each party.

> h. Any mutual agreement made by the parties concerning financial or service contributions by one party with the expectation of future reciprocation or compensation by the other party.
>
> i. The provisions of an antenuptial agreement.
>
> j. Other factors the court may determine to be relevant in an individual case.

(Emphasis added.)

"We are guided by the statutory words—the 'standard of living . . . during the marriage' and are required to impose support so the payee's standard of living during the marriage may be continued." *In re Marriage of Stenzel*, 908 N.W.2d 524, 533 (Iowa Ct. App. 2018).

Douglas focuses on Kristi's earning capacity, the feasibility of her becoming self-supporting at a similar standard of living, and lists as an "other factor" the fact that two of their adult children live with Kristi. *See* Iowa Code § 598A.21A(1)(e)-(f), (j). He does not contest his ability to pay.

Although Kristi has an associate's degree in administrative and clerical work, it predates most contemporary office equipment, computers, and software applications and is unlikely to help her obtain better employment. She spent many years working part-time jobs while raising the couple's children while Douglas was on the road for work. She has obtained full-time work and also works an additional part-time job to support herself while seeking better-paying employment, but she has been unable to maintain the marital standard of living on her own. She will also accrue additional expenses post-dissolution, such as health insurance. Though she may have the potential to earn a larger income, it is hampered by her lack of relevant training and experience. Kristi testified her projected expenses did not include additional costs from the adult children living in the family home.

The record shows Kristi has a need for spousal support to maintain "a standard of living reasonably comparable to that enjoyed during the marriage," and Douglas has the ability to pay it without placing him below that same standard of living. On our de novo review, we find no failure to do equity in the spousal-support award and affirm the district court's dissolution decree.

Kristi seeks an award of $2500 for appellate attorney fees. "Appellate attorney fees are not a matter of right, but rather rest in this court's discretion. Factors to be considered in determining whether to award attorney fees include: 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'" *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006) (citations omitted). After considering these factors, we grant Kristi $2500 in appellate attorney fees.

**AFFIRMED.**